# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA WILKERSON, | CASE NO. CV-F-05-0583 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND TO STRIKE** (Docs. 8 and 9.) |
| vs. | |
| ROBERT BUTLER, | |
| Defendant. | |

## **INTRODUCTION**[1]

In this medical malpractice action, defendant Robert J. Butler, M.D. ("Dr. Butler"), seeks to dismiss the complaint of pro se plaintiff Rhonda Wilkerson ("Ms. Wilkerson") on grounds of lack of this Court's subject matter jurisdiction and to strike causes of action from the complaint. Ms. Wilkerson filed no opposition papers to Dr. Butler's motions. This Court considered Dr. Butler's F.R.Civ.P. 12(b)(1) motion to dismiss and F.R.Civ.P. 12(f) motion to strike on the record and without the July 8, 2005 hearing, pursuant to this Court's Local Rule 78-320(c) and (h). For the reasons discussed below, this Court:

　　1.　　GRANTS Dr. Butler's F.R.Civ.P. 12(b)(1) motion to dismiss with leave to amend and

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by a May 27, 2005 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

1

1  DISMISSES Ms. Wilkerson's complaint on grounds that it fails to allege grounds for this Court's subject matter jurisdiction;

2. GRANTS Dr. Butler's F.R.Civ.P. 12(f) motion to strike the complaint's second, third, fourth, fifth and sixth causes of action; and

3. ORDERS Ms. Wilkerson, no later than July 20, 2005, to file an amended complaint in compliance with this order.

## BACKGROUND

On May 2, 2005, Ms. Wilkerson filed her complaint to allege in her medical malpractice (first) cause of action that Dr. Butler treated Ms. Wilkerson during March 2002 to February 2004 and negligently diagnosed her skin cancer as psoriasis. The complaint's willful medical omissions (second) cause of action alleges that on February 2, 2004, Dr. Butler performed a punch biopsy and that on February 4, 2004, Dr. Butler went to Ms. Wilkerson's place of work to give her pathology results for the biopsy but "made no record of such visit at her workplace or of the pathology results given to patient at all." The complaint's willful medical falsification (third) cause of action alleges that Dr. Butler "documented that diagnostic and Therapeutic plans, both new and continued were discussed in detail with The patient, and that all options were discussed" but that Dr. Butler did not perform items documented on Ms. Wilkerson's medical chart. The complaint alleges causes of action for negligent (fourth) and intentional (fifth) infliction of emotional distress arising from Dr. Butler's misdiagnosis. The complaint's punitive damages (sixth) cause of action alleges Dr. Butler's conduct was intentional, willful and malicious to entitle Ms. Wilkerson to punitive damages. The complaint's prayer seeks compensatory damages for medical costs and emotional distress damages.

On May 25, 2005, Dr. Butler filed his F.R.Civ.P. 12(b)(1) motion to dismiss the complaint for failure to allege this Court's subject matter jurisdiction and F.R.Civ.P. 12(f) motion to strike all but the complaint's medical malpractice (first) cause of action. Ms. Wilkerson failed to respond to Dr. Butler's motions.

## DISCUSSION

### Lack Of Jurisdiction

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

2

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.
>
> (1) Each averment of a pleading shall be simple, concise and direct.

This Court's Local Rule 8-204 addresses allegations of jurisdiction and provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (I) shall appear as the first allegation of any complaint . . . , (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Dr. Butler contends the complaint should be dismissed under F.R.Civ.P. 12(b)(1) which allows a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).[2]

---

[2] A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In this case, Dr. Butler's motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the

1    Dr. Butler correctly points out the complaint's absence of an allegation of this Court's subject matter jurisdiction. The complaint fails to comply with F.R.Civ.P. 8(a)(1) and this Court's Local Rule 8-204 to warrant dismissal with leave to amend to attempt to allege grounds for this Court's subject matter jurisdiction.

This Court admonishes Ms. Wilkerson that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, Ms. Wilkerson is further admonished that in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

**Striking Causes Of Action**

Dr. Butler seeks to strike the complaint's second through sixth causes of action on grounds they are redundant, immaterial, impertinent or scandalous. F.R.Civ.P. 12(f) empowers a Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994).

A "redundant" matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied. *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 4 (D. P.R. 1972); *Manhattan Fire and Marine Ins. Co. v. Nassau Estates II,* 217 F.Supp. 196 (D. N.J. 1963). An "immaterial" matter has no essential or important relationship to the claim for relief or

---

complaint and the Court did not review or rely on extrinsic evidence.

1  defenses pleaded. *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert*, 56 F.R.D. at 120, n. 5; *Fleischer v. A.A.P.,*
2  *Inc.*, 180 F.Supp. 717 (D. Pa. 1958). A statement of unnecessary particulars in connection with and
3  descriptive of a material matter may be stricken as "immaterial." *Gilbert*, 56 F.R.D. at 120, n. 5; *Burke*
4  *v. Mesta Mach. Co.*, 5 F.R.D. 134 (D.C. Pa. 1946). Superfluous historical allegations are properly
5  subject to a motion to strike. *Fantasy, Inc.*, 984 F.2d at 1527; *see, e.g., Healing v. Jones*, 174 F.Supp.
6  211, 220 (D. Az. 1959).

7  An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action
8  and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120,
9  n. 6; *Burke*, 5 F.R.D. 134. An "impertinent" matter consists of statements that do not pertain and are
10 unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. A "scandalous" matter
11 improperly casts a derogatory light on someone, usually a party. *Skadegaard v. Farrell*, 578 F.Supp.
12 1209, 1221 (D. N.J. 1984); *Gilbert*, 56 F.R.D. at 120, n. 7; *Martin v. Hunt*, 28 F.R.D. 35 (D. Mass.
13 1961). Allegations may be stricken as scandalous if the matter bears no possible relation to the
14 controversy or may cause the objecting party prejudice. *Talbot v. Robert Mathews Distributing Co.*, 961
15 F.2d 654, 664 (7th Cir. 1992); *see Beck v. Cantor, Fitzgerald & Co.*, 621 F.Supp. 1547, 1565 (N.D. Ill.
16 1985).

17 Dr. Butler contends there is no claim for willful medical omissions to support the complaint's
18 second cause of action. Dr. Butler further complains the cause of action refers to Exhibits C and D
19 which are not attached to the complaint and have not been provided to defense counsel despite requests
20 for them.

21 The gist of plaintiff's willful medical omissions (second) cause of action this at that Dr. Butler
22 acted unprofessionally by giving plaintiff her biopsy results at her place of work. Since Ms. Wilkerson
23 sues Dr. Butler for malpractice arising from misdiagnosis, issues regarding his visit to her place of
24 employment are immaterial to warrant striking the willful medical omissions (second) cause of action.

25 Dr. Butler contends that he cannot discern the substance of the willful medical falsification
26 (third) cause of action. Dr. Butler further notes that the complaint reflects no harm in connection with
27 the matters subject to the cause of action.

28 A pleading may not simply allege a wrong has been committed and demand relief. The

1 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds
2 upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*
3 *United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not
4 outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements
5 exist."  *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB*
6 *Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading policy of
7 the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the
8 claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).
9 A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged
10 in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

11 The willful medical falsification (third) cause of action appears to challenge Dr. Butler's
12 documentation of treatment.  The cause of action is unclear and fails to give Dr. Butler fair notice of a
13 claim and its supporting grounds.  In absence of a connection to Ms. Wilkerson's misdiagnosis claim,
14 the cause of action is unnecessary to the issues in question to warrant striking the cause of action.

15 According to Dr. Butler, the complaint's negligent infliction of emotional distress (fourth) cause
16 of action is indistinguishable from her medical malpractice (first) cause of action in that emotional
17 distress damages are subject to the medical malpractice cause of action.

18 Negligent infliction of emotional distress is simply a species of negligence. *Wooden v. Raveling*,
19 61 Cal.App.4th 1035, 1046, 71 Cal.Rptr.2d 891, 989 (1998) (citing numerous cases).  "[T]he negligent
20 causing of emotional distress is not an independent tort but the tort of negligence . . ."  6 Witkin,
21 Summary of Cal. Law (9th ed. 1988) Torts, § 838, p. 195).  "Damages for severe emotional distress,
22 rather, are recoverable in a negligence action when they result from the breach of a duty owed the
23 plaintiff that is assumed by the defendant or imposed on the defendant was a matter of law, or that arises
24 out a relationship between the two."  *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d
25 583, 591, 257 Cal.Rptr. 98, 103 (1989).  Since damages for severe emotional distress are recoverable
26 under the complaint's medical malpractice (first) cause of action as part of that negligence claim, the
27 negligent infliction of emotional distress (fourth) cause of action offers nothing new and is redundant
28 to warrant striking it.

1   Dr. Butler argues that the intentional infliction of emotional distress (fifth) cause of action fails
2   to state anything beyond the medical malpractice (first) cause of action.  According to Dr. Butler, the
3   intentional infliction of emotional distress (fifth) cause of action fails to allege Dr. Butler's misdiagnosis
4   "was sufficiently outrageous to state a cause of action for intentional infliction of emotional distress."

5   The elements of an intentional infliction of emotional distress cause of action are: (1) defendant's
6   outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of
7   causing, emotional distress; (3) severe emotional distress; and (4) an actual and proximate causal link
8   between the tortious conduct and the emotional distress.  *Cole v. Fair Oaks Fire Protection Dist.*, 43
9   Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987); *Nally v. Grace Community Church of the Valley*, 47
10  Cal.3d 278, 300, 253 Cal.Rptr. 97, 110 (1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989).  The
11  "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a
12  civilized community." *Davidson v. City of Westminister*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252 (1982)
13  (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 156 Cal.Rptr.198 (1979)).  Conduct is
14  extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause,
15  mental distress.  Liability does not extend to mere insults, indignities, threats, annoyances, petty
16  oppressions, or other trivialities.  *Fisher*, 214 Cal.App.3d at 617, 262 Cal.Rptr. at 857.

17  While the outrageousness of a defendant's conduct normally presents an issue of fact to be
18  determined by the trier of fact, the court may determine in the first instance whether the defendant's
19  conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.  *Trerice v. Blue*
20  *Cross of California*, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338, 340 (1989); *Fowler v. Varian*
21  *Associates, Inc.*, 196 Cal.App.3d 34, 44, 241 Cal.Rptr. 539 (1989).

22  The intentional infliction of emotional distress (fifth) cause of action merely alleges that Dr.
23  Butler knew or should have known that his misdiagnosis would cause Ms. Wilkerson distress.  The
24  cause of cation lacks allegations of essential elements of an intentional infliction of emotional distress
25  cause of action.  The cause of action adds nothing new and merely asserts claims incorporated into the
26  medical malpractice (first) cause of action to warrant striking it.

27  Dr. Butler contends that the punitive damages (sixth) cause of action does not state a claim and
28  should appear in the complaint's prayer.  Dr. Butler is correct in that the gist of the punitive damages

1  (sixth) cause of action is that Dr. Butler knew his diagnosis of psoriasis would put plaintiff in the sun.
2  A motion to strike is appropriate to address requested relief, such as punitive damages, which is not
3  recoverable as a matter of law.  2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil*
4  *Procedure Before Trial* (2005) Attacking the Pleadings, para. 9-389 and 9-390, p. 9-97.  The punitive
5  damages (sixth) cause of action adds nothing further to the medical malpractice (first) cause of action
6  to warrant striking it.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS Dr. Butler's F.R.Civ.P. 12(b)(1) motion to dismiss with leave to amend and DISMISSES Ms. Wilkerson's complaint on grounds that it fails to allege grounds for this Court's subject matter jurisdiction;

2. GRANTS Dr. Butler's F.R.Civ.P. 12(f) motion to strike the complaint's willful medical omissions (second), willful medical falsification (third), negligent infliction of emotional distress (fourth), intentional infliction of emotional distress (fifth), and punitive damages (sixth) causes of action; and

3. ORDERS Ms. Wilkerson, no later than July 20, 2005, to file an amended complaint in compliance with this order.

IT IS SO ORDERED.

**Dated:   June 30, 2005**           /s/ Lawrence J. O'Neill
66h44d                               UNITED STATES MAGISTRATE JUDGE