IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA WILKERSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT BUTLER,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. CV-F-05-0583 REC LJO<br><br>**ORDER ON DEFENDANT'S F.R.Civ.P.<br>12(b)(1) AND (b)(6) MOTION TO DISMISS**<br>(Docs. 15, 16.) |

### INTRODUCTION

In this medical malpractice action, defendant Robert J. Butler, M.D. ("Dr. Butler"), seeks to dismiss the amended complaint of pro se plaintiff Rhonda Wilkerson ("Ms. Wilkerson") on grounds that it fails to state a claim to invoke this Court's subject matter jurisdiction. Ms. Wilkerson filed no timely opposition papers. This Court considered Dr. Butler's F.R.Civ.P. 12(b)(1) and (b)(6) motion to dismiss on the record and without the September 16, 2005 hearing, pursuant to this Court's Local Rule 78-320(c) and (h). For the reasons discussed below, this Court GRANTS Dr. Butler's F.R.Civ.P. 12(b)(1) and (b)(6) motion to dismiss Ms. Wilkerson's amended complaint without leave to amend.

### BACKGROUND

On May 2, 2005, Ms. Wilkerson filed her original complaint to allege a medical malpractice cause of action that Dr. Butler negligently diagnosed her skin cancer as psoriasis. The original complaint included five other causes of action to allege emotional distress and violations concerning medical

1

1  omissions and falsification.  This Court's June 30, 2005 order dismissed Ms. Wilkerson's original
2  complaint for failure to allege grounds for this Court's subject matter jurisdiction, struck five causes of
3  action as redundant, immaterial, impertinent or scandalous, pursuant to F.R.Civ.P. 12(f), and granted
4  Ms. Wilkerson leave to amend as to her remaining medical malpractice cause of action to attempt to cure
5  jurisdiction deficiencies.

6        On July 19, 2005, Ms. Wilkerson filed her amended complaint to allege again that Dr. Butler
7  "wrongfully diagnosed plaintiff with psoriasis."  The amended complaint notes that Dr. Butler "was a
8  resident" of California and practiced medicine and treated Ms. Wilkerson in California at the time of his
9  alleged malpractice.  In an apparent attempt to invoke this Court's subject matter jurisdiction, the
10 amended complaint references: (1) sections of 42 C.F.R., Part 1001, Subchapter B, which addresses
11 Medicare and state health care programs; and (2) the Consumer Bill of Rights and Responsibilities
12 drafted by the President's Advisory Commission on Consumer Protection and Quality in the Health Care
13 Industry ("Consumer Bill of Rights").

14       On August 4, 2005, Dr. Butler filed his F.R.Civ.P. 12(b)(1) and (b)(6) motion to dismiss Ms.
15 Wilkerson's amended complaint on grounds that it fails to state a claim to invoke this Court's subject
16 matter jurisdiction.

## DISCUSSION

### Lack Of Jurisdiction

19  F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)    Pleading to be Concise and Direct; Consistency.
>
> (1)    Each averment of a pleading shall be simple, concise and direct.

27  This Court's Local Rule 8-204 addresses allegations of jurisdiction and provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ.

2

P. 8(a)(1), it (i) shall appear as the first allegation of any complaint . . . , (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Dr. Butler contends the amended complaint should be dismissed under F.R.Civ.P. 12(b)(1) in that it fails to establish this Court's jurisdiction. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).[1]

Dr. Butler correctly notes that the amended complaint fails to establish diversity of citizenship (28 U.S.C. § 1332) in that it alleges the California residency of Dr. Butler and Ms. Wilkerson at times giving rise to its allegations. The amended complaint also fails to allege a controversy exceeding $75,000 to invoke diversity jurisdiction.

Dr. Butler further correctly points out that the amended complaint's medical malpractice claim does not invoke this Court's federal question jurisdiction (28 U.S.C. § 1331). The amended complaint's references to sections of 42 C.F.R., Part 1001, Subchapter B are unavailing. The regulations in 42 C.F.R., Part 1001 "specify certain bases upon which individuals and entities may, or in some cases must,

---

[1] A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In this case, Dr. Butler's motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the complaint, and the Court did not review or rely on extrinsic evidence.

be excluded from participation in Medicare, Medicaid and all other Federal health care programs." 42 C.F.R. § 1001.1(a). The regulations "are applicable to and binding on the Office of Inspector General (OIG) in imposing and proposing exclusions, as well as to Administrative Law Judges (ALJs), the Departmental Appeals Board (DAB), and federal courts in reviewing the imposition of exclusions by the OIG (and, where applicable, in imposing exclusions proposed by the OIG)."

The amended complaint's reference to 42 C.F.R. § 1001.701 fails to invoke subject matter jurisdiction for Ms. Wilkerson's private medical malpractice cause of action in that the regulation empowers the Office of Inspector General ("OIG") to exclude excessive claims. The same goes for the amended complaint's reference to 42 C.F.R. § 1003.101 which addresses definitions for regulations on civil penalties for Medicaid and Medicare violations. Generally, federal agency rules and regulations are not entitled to the force and effect of a "law of the United States" to confer federal subject matter jurisdiction on a state law claim. *See United States v. 53 Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir. 1982) (U.S. Customs Service Manual not entitled to force and effect of U.S. law); *United States v. Harvey*, 659 F.2d 62, 65 (5th Cir. 1981) (same as to Veterans Administration Manual). The regulations cited in the amended complaint offer Ms. Wilkerson no private right of action. The amended complaint states no cognizable cause of action under the regulations. This Court cannot disregard or evade limits on its jurisdiction and permit Ms. Wilkerson to convert a state medical malpractice cause of action into a federal question claim by reference to federal regulations touching on medical practice.

The amended complaint appears to allege Dr. Butler violated the Consumer Bill of Rights to attempt to bolster Ms. Wilkerson's medical malpractice cause of action. Dr. Butler correctly notes that as a publication prepared by a Presidential Advisory Committee, the Consumer Bill of Rights is not a federal law to support federal question jurisdiction. The amended complaint renews allegations regarding Dr. Butler's communication of pathology results and which this Court struck with its June 30, 2005 order. The amended complaint alleges neither violation of a federal right or law under the Consumer Bill of Rights nor a cognizable claim under the Consumer Bill of Rights.

In sum, Ms. Wilkerson pursues a private, state law medical malpractice cause of action for which she has failed to establish this Court's jurisdiction based merely on receipt of federal health care funding by Dr. Butler's medical practice and its subjection to federal health laws.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS Dr. Butler's F.R.Civ.P. 12(b)(1) and (b)(6) motion to dismiss Ms. Wilkerson's amended complaint without leave to amend; and

2. DIRECTS this Court's clerk to close this action.

IT IS SO ORDERED.

**Dated:  September 9, 2005**          /s/ Lawrence J. O'Neill
66h44d                                              UNITED STATES MAGISTRATE JUDGE